**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>             Plaintiff,<br>   v.<br><br>APPLE INC.,<br><br>             Defendant. | C.A. No. 13-2058-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>             Plaintiff,<br>   v.<br><br>AT&T Services, INC.,<br><br>             Defendant. | C.A. No. 13-2061-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>             Plaintiff,<br>   v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>             Defendant. | C.A. No. 13-2062-RGA |

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>        Plaintiff,<br>  v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>        Defendant. | C.A. No. 13-2063-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>        Plaintiff,<br>  v.<br><br>COX COMMUNICATIONS, INC.,<br><br>        Defendant. | C.A. No. 13-2064-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>        Plaintiff,<br>  v.<br><br>DIRECTV LLC,<br><br>        Defendant. | C.A. No. 13-2065-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>        Plaintiff,<br>  v.<br><br>DISH NETWORK, LLC,<br><br>        Defendant. | C. A. No. 13-2066-RGA |

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SIRIUS XM RADIO INC., <br><br> Defendant. | C. A. No. 13-2067-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TIME WARNER CABLE INC., <br><br> Defendant. | C.A. No. 13-2068-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS INC., <br><br> Defendant. | C.A. No. 13-2069-RGA |

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Freitas Angell & Weinberg LLP and Bayard P.A. (collectively "Movants") hereby move, pursuant to Local Rule 83.7 of Civil Practice and Procedure of the United States District Court for the District of Delaware for an Order in the form attached hereto granting it leave to withdraw as counsel for plaintiff Dragon Intellectual Property, LLC ("Dragon") in the above-

3

captioned matter (the "Motion to Withdraw").  In support of the Motion to Withdraw, Movants respectfully state as follows:

1.	Pursuant to Rule 1.16(b) of the Model Rules of Professional Conduct of the American Bar Association (the "Model Rules") and the Delaware Lawyers' Rules of Professional Conduct, "a lawyer may withdraw from representing a client if:  "(1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (6) the representation . . . has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists."

2.	Movants have represented Dragon in the above captioned matters since 2013.

3.	Irreconcilable differences have developed between Dragon and Movants regarding the above captioned cases.  These differences have compromised the attorney-client relationship to a degree that renders Movant's continued representation of Dragon in the above captioned cases in a manner consistent with their obligations under the Rules of Professional Conduct not possible.  Movants have attempted to repair the relationship, but have been unsuccessful.

4.	Movants are obligated to maintain Dragon's confidential information, and therefore are not revealing factual details of the basis for their motion in these papers.  *See* Model Rule 1.6 ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent"); *see also* Model Rule 1.16 comment 3 (stating in relevant part "The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.").  If the Court instructs Movants to provide further factual details concerning the conflict, Movants respectfully request that they be

permitted to submit additional details *in camera*, in order to protect Dragon's confidential information.

5. For this, and other good cause, Movants cannot continue to represent Dragon. Accordingly, there is more than a sufficient basis for Movants to be permitted to withdraw as counsel under the Model Rules and the Delaware Lawyers' Rules of Professional Conduct. Movants therefore file the instant motion.

6. Dragon has been advised of its need to secure new counsel for these cases upon Movants' withdrawal. Dragon has stated that it does not object to Movants' withdrawal. On October 26, 2015, Movants provided formal written notice of their withdrawal to Dragon.

7. Movants have made every reasonable effort to ensure that Dragon's interests would not be prejudiced by their withdrawal. No discovery requests or responses are presently pending, and no depositions have been scheduled. No trial date has been set. (D.I. 100 ("Stipulation to Extend Fact Discovery Schedule").) Dragon has engaged in discussions and/or correspondence with defendants in the above captioned matters during which the parties have agreed that, in light of the Court's September 9, 2015 order on claim construction, a finding of infringement is not possible. Defendants Apple, Inc., Charter Communications, Inc., Comcast Cable Communications, LLC, COX Communications, Inc, Time Warner Cable, Inc., and Verizon Communications Inc. have promised to provide a set of proposed undisputed facts as part of a cooperative effort to prepare a stipulated judgment of non-infringement. Counsel for Charter Communications, Inc., Comcast Cable Communications, LLC, COX Communications, Inc, Time Warner Cable, Inc., and Verizon Communications Inc. stated that they would coordinate the provision of proposed undisputed facts on behalf of all defendants. Dragon has advised the Defendants that it will stipulate to any undisputed facts and will stipulate to non-

infringement as justified by the application of the Court's claim construction to any undisputed facts. Dragon has advised that it believes a stipulation of non-infringement is appropriate under the Court's claim construction. Dragon is awaiting the Defendants' submission of the promised information and the prompt entry of judgment following execution of an appropriate stipulation of non-infringement. Dragon has made clear to the Defendants that it does not intend to further litigate these cases in this Court in advance of an appeal. As a result, Dragon will not be prejudiced by Movants' withdrawal at this juncture.

8. The Defendants also will not be prejudiced by Movants' withdrawal from these cases, as a result of the agreed procedure.

9. As a result of the foregoing and pursuant to Model Rules 1.16(b)(1), (4), and (6) Movants have demonstrated good cause to withdraw from this representation. On October 27, 2015, Movants advised Defendants of Movants' intent to move to withdraw from the above referenced cases. Movants conferred on October 28, 2015 with counsel for Defendants pursuant to D. Del. L.R. 7.1.1 concerning this motion. Some Defendants have indicated that they intend to oppose this motion.

10. Copies of this Motion to Withdraw are being served on opposing counsel and on Dragon.

WHEREFORE, Movants respectfully request the Court to enter an order granting their motion for leave to withdraw as counsel in the form attached hereto.

Dated: October 28, 2015

OF COUNSEL:

Robert E. Freitas
Jason S. Angell
Jessica N. Leal

FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA 94065
(650) 593-6300
rfreitas@fawlaw.com
jangell@fawlaw.com
jleal@fawlaw.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff*
*Dragon Intellectual Property, LLC*

7